Anna J. CAULEY, Plaintiff,

v.

**INGRAM MICRO, INC., Defendant.**

No. 99–CV–193S.

United States District Court,
W.D. New York.

May 29, 2003.

Anna J. Cauley, Niagara Falls, NY, pro se.

Randolph C. Oppenheimer, Kavinoky & Cook, Buffalo, NY, for defendant.

## DECISION AND ORDER

SKRETNY, District Judge.

1. Plaintiff Anna J. Cauley, acting *pro se*, commenced this action on March 17, 1999. Plaintiff alleges that Defendant Ingram Micro, Inc. engaged in unlawful gender and age discrimination.

2. On July 19, 1999, this Court issued an order referring this case to the Honorable Leslie G. Foschio, United States Magistrate Judge, for all pre-trial matters, including the hearing of non-dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A).

3. On August 30, 1999, Barbara M. Sims, Esq., entered a Notice of Attorney Appearance on behalf of Plaintiff.

4. On October 1, 1999, Plaintiff filed a Motion for Leave to File an Amended Complaint. Along with this motion, Plaintiff submitted a proposed amended complaint.

5. On April 27, 2000, Judge Foschio granted Plaintiff's motion and directed her to file the Amended Complaint within thirty days.

6. Although Defendant was served with a copy of the Amended Complaint, Plaintiff's counsel apparently did not file it with the Clerk of the Court.

7. Defendant filed its Answer to the Amended Complaint on May 18, 2000.

8. On April 26, 2001, Defendant moved for summary judgment. This Court issued a Decision and Order denying Defendant's motion on April 5, 2002.

9. On June 25, 2002, Defendant filed a Motion to Compel Discovery. On July 1, 2002, Barbara Sims filed a Cross–Motion to Withdraw as Plaintiff's Counsel.

10. On September 6, 2002, Defendant filed a Motion to Compel Plaintiff to Submit to a Mental Examination.

11. Counsel for the parties appeared before Judge Foschio on September 18, 2002. Judge Foschio granted Barbara Sims's Motion to Withdraw as Plaintiff's Counsel and heard oral argument on Defendant's discovery motions. Additional oral argument was held before Judge Foschio on November 25, 2002.

12. Thereafter, Judge Foschio discovered that the Amended Complaint had never been formally filed with the Clerk of the Court. Accordingly, he *sua sponte* directed the Clerk to file the Amended Complaint. The Clerk filed the Amended Complaint on January 16, 2003.

13. On January 24, 2003, Judge Foschio issued a Decision and Order granting Defendant's Motion to Compel Discovery and Motion to Compel a Mental Examination of Plaintiff. He ordered Plaintiff to provide the outstanding discovery within thirty days, submit to a deposition within sixty days.

Further, Judge Foschio directed that Plaintiff's Rule 35 examination be scheduled and completed within ninety days.

14. On February 12, 2003, Plaintiff filed objections to Judge Foschio's Decision and Order.[1] This Court issued an order on March 6, 2003, staying the deadlines set forth in Judge Foschio's decision pending resolution of Plaintiff's objections.

15. This Court heard oral argument on April 11, 2003, and reserved decision at that time.

16. Rule 72 of the Federal Rules of Civil Procedure provides, in pertinent part, that whenever a magistrate judge issues an order resolving a non-dispositive matter, a party may file objections to that order. Thereafter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

17. In the instant case, Plaintiff objects to Judge Foschio's Decision and Order on several grounds. Each of these objections will be addressed in turn.[2]

18. First, Plaintiff contends that Judge Foschio erred by directing the Clerk of the Court to file the Amended Complaint.[3] In order to understand this objection, it is necessary to review several undisputed facts. The Amended Complaint was prepared in October 1999 by Barbara Sims, who was at that time Plaintiff's attorney of record. In April 2000, Judge Foschio granted Plaintiff's Motion for Leave to File the Amended Complaint and ordered Plaintiff to file it within thirty days. The Amended Complaint was evidently not filed with the Clerk of the Court.[4] However, it was served and Defendant answered it. Moreover, Defendant's counsel showed Plaintiff the Amended Com-

---

1. Plaintiff filed a list of objections to Judge Foschio's Decision and Order with attached exhibits. Defendant filed an attorney affidavit in opposition.

2. Plaintiff filed a list of twelve numbered objections. As each of Plaintiff's arguments is reviewed, the numbered objection(s) containing that argument will be identified.

3. This contention is contained in Objections 1, 3, 9, 10, 11, and 12.

4. It is possible that Ms. Sims was under the impression that she had already "filed" the Amended Complaint by submitting it along with her Motion for Leave to File.

plaint at her deposition in April 2001. Most significantly, the lawyers, parties, and judges involved with this case operated under the assumption that the Amended Complaint had been properly filed. During that time (which spanned nearly three years), counsel for the parties engaged in extensive motion practice, including the litigation of a motion for summary judgment before this Court.

■ Based upon these undisputed facts, this Court finds that the failure to formally file the Amended Complaint was harmless. As such, this Court finds no error in Judge Foschio's decision to direct the Clerk of the Court to rectify this clerical matter.

19. Second, Plaintiff objects to Judge Foschio's order that she submit to an independent medical examination.[5] Under Rule 35 of the Federal Rules of Civil Procedure, a party may be required to submit to an independent medical examination whenever the mental or physical condition of that party is "in controversy." Fed.R.Civ.P. 35(a). In the present case, Judge Foschio concluded that Plaintiff's mental condition was at issue based upon paragraph twenty-two of the Amended Complaint. In that paragraph, Plaintiff alleges that Defendant's misconduct "so filled [her] with stress that she was hospitalized and placed under the care of a physician."

Plaintiff asserts that Judge Foschio should not have relied upon that allegation. She contends that although she went to the emergency room for stress treatment, she was never "hospitalized." Plaintiff argues that the reference to "hospitalization" is a fraudulent misrepresentation inserted into the Amended Complaint by her former attorney.

■ Even assuming for the sake of argument that treatment in an emergency room is not hospitalization, this is a distinction without a difference. The critical facts supporting Judge Foschio's decision remain undisturbed: Plaintiff alleges that she suffered severe emotional harm as a result of Defendant's misconduct. Plaintiff claims that the degree of emotional harm was so severe that she needed various forms of medical attention, including treatment in a hospital.[6] This Court finds no error in Judge Foschio's conclusion that Plaintiff placed her medical condition in controversy and that there is good cause to authorize an examination pursuant to Rule 35(a).[7]

20. Finally, Plaintiff contends that Judge Foschio should not have ordered her to comply with Defendant's discovery requests.[8] Defendant requested certain documents pertaining to Plaintiff's medical and personal history. Judge Foschio concluded that these documents might reasonably assist Defendant's expert in preparing for and conducting the requested medical examination. As such, he ordered Plaintiff to produce the documents. In addition, Defendant demanded information regarding Plaintiff's tax returns for each year covered by the allegations contained in the Amended Complaint. Judge Foschio ordered Plaintiff to provide this information.

Plaintiff argues that the requested discovery materials are privileged and irrelevant to the issues in this case. Although her papers reference various provisions of the U.S. Constitution, Plaintiff makes no meaningful at-

---

5. This argument is raised by Objections 2 and 7.

6. At various points in her papers and at oral argument, Plaintiff asserted her former attorney inserted false and fraudulent allegations into the Amended Complaint. However, other than the "hospitalization" issue discussed above, Plaintiff did not dispute any of the allegations in the Amended Complaint. Accordingly, this Court finds Plaintiff's fraud allegations unavailing.

In addition, Plaintiff opined at oral argument that Judge Foschio had colluded with Defendant in an effort to deprive Plaintiff of her rights. This Court finds that suggestion utterly lacking in merit. The only evidence offered by Plaintiff in support of this assertion was Judge Foschio's

decision to direct the Clerk to file the Amended Complaint. For the reasons discussed *supra,* this Court finds nothing erroneous or remotely improper about that decision.

7. Plaintiff also states in Objection 6 that Defendant has not satisfied the notice requirements of Rule 35(a). Judge Foschio determined that Defendant's notice of mental examination was satisfactory. This Court finds no error in that determination.

8. This argument is found in Objections 4, 5, 8, and 9.

tempt to support these arguments. As such, this Court finds no basis on which to sustain Plaintiff's objections.

21. For the foregoing reasons, this Court finds that Judge Foschio's Decision and Order (Docket No. 72) was neither clearly erroneous nor contrary to law.[9]

IT HEREBY IS ORDERED that Plaintiff's Objections (Docket No. 74) to the Decision and Order of Magistrate Judge Foschio are DENIED.

FURTHER, that Plaintiff shall provide the outstanding discovery to Defendant on or before *Monday, June 30, 2003.*

FURTHER, that Plaintiff's deposition shall be rescheduled and completed on or before *Thursday, July 31, 2003.*

FURTHER, that Plaintiff's Rule 35 examination shall be scheduled and completed on or before *Friday, August 29, 2003.*

FURTHER, that any request for an extension of these deadlines shall be made to Magistrate Judge Foschio.

FURTHER, that an Amended Scheduling Order shall be forthcoming from Magistrate Judge Foschio.

FURTHER, that Plaintiff is hereby reminded that failure to comply with this order may subject her to serious sanctions, including dismissal of this action with prejudice.

SO ORDERED.

---

**9.** It should also be noted that Judge Foschio ordered Plaintiff to attend and participate in a deposition. Apparently, Plaintiff's deposition was previously adjourned due to various interruptions. Plaintiff did not file any objections to this portion of Judge Foschio's order.